IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VALERIE DESALVO, | : | MOTION TO VACATE |
| BOP # 75979-510, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:23-CR-260-SCJ-2 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:25-CV-427-SCJ-JEM |

**FINAL REPORT AND RECOMMENDATION**

Movant, Valerie DeSalvo, submitted a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (Doc. 50.) The Government filed a response in opposition. (Doc. 56.) Movant did not submit a reply. For the reasons stated below, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

## I. PROCEDURAL HISTORY

On September 1, 2023, Movant was charged by information with conspiracy to pay health care kickbacks, in violation of 18 U.S.C. § 371. (Doc. 1 at 1.) According to the information, Movant and her co-defendant "owned and operated [Laboratory Marketing Services, LLC ('LMS')]," which "was in the business of receiving kickback payments in exchange for patient 'leads,' consisting of billable Medicare beneficiaries." (*Id.* at 6.) Movant and her co-defendant "received bribes from [durable medical equipment] companies . . . in exchange for the leads, which included, among other information, each

Medicare beneficiary's name, Medicare number, diagnoses, pain level, and primary care physician." (*Id.*) Movant and her co-defendant "obtained the Medicare beneficiary information from international call centers, which called the beneficiaries and up-sold them in order to get them to accept braces that call center employees marketed as free or low-cost." (*Id.* at 6-7.)

Movant and her co-defendant "also bought and sold signed physician's orders . . . , which they sold to [durable medical equipment] companies in exchange for completed prescriptions for braces and other Medicare-required documents (collectively referred to as 'doctors' orders')." (*Id.* at 7.) "A substantial portion of the doctors' orders that [Movant and her co-defendant] purchased . . . contained signatures or purported approvals of physicians or other health care providers whose names and professional identifying information were used without their true authorization and prior knowledge." (*Id.*)

Movant and her co-defendant "disguised the nature and source of these kickbacks and bribes by designating payments as marketing, entering into sham contracts, and generating or causing the generation of fraudulent invoices." (*Id.*) Movant and her co-defendant, "through LMS, caused the submission of false and fraudulent claims to Medicare in the approximate amount of over $1,500,000, which generated approximately $715,000 in payment, for braces that were procured through the payment of illegal kickbacks and bribes and ineligible for Medicare reimbursement." (*Id.*)

On November 9, 2023, Movant pleaded guilty. (Doc. 22.) On February 8, 2024, the District Court filed the Judgment and Commitment, sentencing Movant to 37 months of imprisonment, followed by three years of supervised release. (Doc. 40.) Movant did not appeal. (Doc. 50 at 2.)

On January 23, 2025, Movant timely executed her § 2255 motion, in which she raises one ground of ineffective assistance of counsel and an alleged error at sentencing. (*Id.* at 4-5, 13.) Movant was released from prison on February 10, 2026.[1]

## II. STANDARD OF REVIEW

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*,

---

[1] *See* Fed. Bureau of Prisons, www.bop.gov (using "Inmates" menu and "Find an Inmate" link and searching BOP Reg. No. 75979-510) (last visited Sept. 29, 2026).

837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining [her] contentions by a preponderance of the evidence." *Tarver v. United States*, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). The Court need not conduct an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." *Bain v. United States*, 565 F. App'x 827, 828 (11th Cir. 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted).

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). To demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the first prong of *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound

trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

"[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between [pleading guilty] and going to trial." *Searcy v. Fla. Dep't of Corr.*, 485 F. App'x 992, 997 (11th Cir. 2012) (per curiam) (quoting *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)) (internal quotation marks omitted). A defendant who has pleaded guilty must satisfy the second prong of *Strickland* by showing that "there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Connolly v. United States*, 568 F. App'x 770, 770-71 (11th Cir. 2014) (same). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

## III. DISCUSSION

In ground one, Movant claims that counsel provided ineffective assistance by failing to "argue [regarding the U.S.S.G. § 3B1.1] mitigating role enhancement." (Doc. 50 at 4.) Movant states the following: "My counsel did not perform basic investigative work into the company for which I was charged. Had my attorney done a simple check on Sunbiz or verbally inquired, it would have been discovered that I was not an owner or managing partner [on] the date of [the] offense." (*Id.*) Movant also states that "the [District] Court erred in adding this enhancement . . . ." (*Id.*)

Although Movant refers to U.S.S.G. § 3B1.1 as a "mitigating role enhancement," it is actually an aggravating role enhancement. (*Id.*) The guideline provided for the addition of two points to Movant's offense level because she "was an organizer, leader, manager, or supervisor in [the] criminal activity . . . ." U.S.S.G. § 3B1.1(c) (2023). Thus, it appears that Movant's claim in ground one is that (1) her counsel was ineffective because he should have argued that the enhancement did not apply to her, and (2) the District Court erred in applying the enhancement.

The Government correctly points out that Movant signed her plea agreement, which provided for the § 3B1.1(c) enhancement to be applied to her. (Doc. 22-1 at 5, 13, 14; Doc. 56 at 3-4.) At Movant's guilty plea hearing, the Government summarized the terms of the plea agreement, including the application of the § 3B1.1(c) enhancement, and Movant agreed that the Government's summary was consistent with her understanding of the

agreement. (Doc. 55 at 10, 13; Doc. 56 at 4.) The Government also summarized the evidence that would have been presented at trial, including that Movant and her co-defendant "owned and operated . . . LMS." (Doc. 55 at 23; Doc. 56 at 6.) Movant stated that she agreed with the Government's summary. (Doc. 55 at 25; Doc. 56 at 6.) The Government also correctly points out that Movant "took the opportunity to speak to the Court" at sentencing but did not "express to the Court that she was not the owner and operator of LMS." (Doc. 53 at 26-31; Doc. 56 at 8.)

Given Movant's agreement with the Government's evidence that she owned and operated LMS, there was no basis for counsel to challenge the application of the § 3B1.1(c) enhancement. Accordingly, Movant fails to show that counsel performed deficiently. "A lawyer cannot be deficient for failing to raise a meritless claim." *Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008). Movant also fails to show prejudice.

As to the District Court's alleged error in applying the enhancement, Movant was required to file a direct appeal to raise that claim, but she failed to do so. (Doc. 50 at 2.) "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for [her] default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [the movant]

or [her] counsel from raising [her] claims on direct appeal and that this factor cannot be fairly attributable to [the movant's] own conduct." *Lynn*, 365 F.3d at 1235. To demonstrate actual prejudice, a movant must show that the alleged error "worked to [her] *actual* and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted). "[A]ctual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n.18 (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)) (internal quotation marks omitted).

Movant's claim that that the District Court erred in applying the § 3B1.1(c) enhancement is procedurally defaulted because she did not raise it on direct appeal. Movant fails to overcome the procedural default because she neither (1) shows cause and actual prejudice, nor (2) presents proof of actual innocence.

The undersigned determines that an evidentiary hearing is not needed because the § 2255 motion and record of the case conclusively show that Movant's allegations are affirmatively contradicted and she is not entitled to

relief. Accordingly, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [§ 2255 motion] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be **DENIED** because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, Movant "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

## V. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that (1) the § 2255 motion (Doc. 50) be **DENIED**, (2) a certificate of appealability be **DENIED**, and (3) civil action number 1:25-CV-427-SCJ-JEM be **CLOSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned.

**SO RECOMMENDED**, this 29th day of September, 2026.

J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE